GARRISON, Judge.
This is an appeal from a judgment of the district court, granting to plaintiff damages in the amount of $3,500.00, plus $332.00 for medicals, and expert fees. The damages awarded were for an injury sustained by plaintiff on November 29, 1976, when the vehicle which she was driving was struck by a dumpster driven by the defendant’s employee. The trial court apparently agreed with the plaintiff’s evidence which tended to show that the defendant’s truck, while in the process of backing up, collided with the driver’s side door of plaintiff’s stopped vehicle. From that decision, which we now affirm, the defendants appeal.
Defendant-appellant argues on appeal that the trial court erred in finding the defendant negligent, in failing to find the plaintiff negligent or contributorily negligent and abused its discretion by awarding $3,500.00 for personal injury. We disagree.
Our independent review of the evidence and testimony presented convinces this court that the trial judge was not manifestly erroneous. This case involves primarily a credibility call on the part of the trial judge. Under the rule of Canter v. Koehring, 283 So.2d 716 (1973) and Arcenaux v. Domingue, 365 So.2d 1330 (1978), the trial judge’s findings of fact will not be disturbed.
Plaintiff-appellee argues on appeal that the damages awarded should be increased. We disagree. Dr. Padua testified that the plaintiff suffered muscle spasms *884 for which she received muscle relaxants, pain medication, and physical therapy. He further testified that she was asymptomatic as of January 11, 1977.[1] Our review of the record coupled with a review of the scale and range of the case law on damages, as applied to this particular plaintiff in this particular case, convinces this cou.rt that the trial judge did not abuse his discretion in the damages awarded. Reck v. Stevens, 373 So.2d 498 (1979).
For the reasons discussed, the judgment of the trial court is affirmed.

AFFIRMED.

. Trans, p. 54.